UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )    Chapter 7
RITA M. RUSSOW                      )
                                    )    Bankruptcy No. 06-00885
      Debtor.                       )

**ORDER RE: OBJECTION TO EXEMPTION**

This matter came before the undersigned on December 21, 2006, on Trustee's motion to disallow Debtor's homestead exemption claim. The parties filed a joint stipulation in lieu of presenting evidence at trial. After argument, the Court took the matter under advisement. Debtor Rita Russow was represented by Francis Wm. Henkels. Trustee Sheryl Schnittjer was represented by Abbe Marie Stensland and Eric W. Lam. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Debtor claims a homestead exemption under Chapter 561 of the Iowa Code. Trustee argues that Debtor is entitled to a partial exemption only, because Debtor purchased her current homestead with funds in excess of the net proceeds of her previous homestead. Trustee argues that an amount equal to these excess funds is not exempt from debts acquired prior to the purchase of Debtor's current homestead.

**STATEMENT OF FACTS**

Debtor owned and lived in a home in Asbury, Iowa. On July 15, 2003, she sold that home for $136,000. After various fees and costs were deducted, Debtor received $111,830.15 in net proceeds from the sale. On the same day that she sold the Asbury home, Debtor bought a condominium in Dubuque for $122,850. She used the $111,830.15 net proceeds, together with additional funds, to purchase the new condo, which she uses as her primary residence.

In July 2005, Debtor was sued by the purchasers of the Asbury home ("Creditors") for misrepresentations Debtor allegedly made during the sale. Debtor filed for Chapter 7 bankruptcy in August 2006. In her petition, she states that Creditors have a claim against her for $151,000.

Debtor argues that her condo is fully exempt under Chapter 561 of the Iowa Code. Trustee argues that the condo is exempt only to the extent of $111,830.15 -- the amount of the net proceeds of the Asbury home that were used to purchase the new condo. This is the sole issue the parties have presented to the Court.

## CONCLUSIONS OF LAW

A homestead, defined as "a house used as a home by the owner," generally is exempt from judicial sale. Iowa Code §§ 561.1, 561.16. This exemption, however, is not absolute: an otherwise exempt homestead may be sold to satisfy debts "contracted prior to its acquisition." Iowa Code § 561.21. In this case, Debtor contracted her debt prior to acquiring her present homestead, because she made the alleged misrepresentations that gave rise to the debt before she purchased her condo. See Warner v. Cammack, 37 Iowa 642 (1873) (holding that where a cause of action for fraudulent representation accrued prior to the debtor's purchase of a homestead, but was not reduced to judgment until after the purchase, the cause of action qualified as preacquisition debt).

This does not mean, however, that the new homestead is entirely liable for debts contracted prior to its acquisition. "Where there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been." Iowa Code § 561.20. Because Debtor purchased the original homestead (the Asbury home) before she contracted the debt, her condo is exempt to the same "extent in value" as the Asbury home. Debtor argues that the new homestead therefore must be exempt to the extent of $136,000, which was the sale price of the Asbury home. Trustee argues that only the net proceeds of the sale of the Asbury home, $111,830.15, are exempt. The law supports Trustee's argument.

In Millsap v. Faulkes, 20 N.W.2d 40, 42 (Iowa 1945), the Iowa Supreme Court held that "proceeds" meant net proceeds rather than gross proceeds. The court noted that net proceeds consist of "the sale price less the amount paid to satisfy liens and necessary expenses of the sale." Id. This Court has followed Millsap in holding that "the proceeds which continue to be exempt are the net proceeds, not the gross proceeds." In re Hayes, 1996 WL 1038496, *4 (Bankr. N.D. Iowa 1996). In this case, the proceeds that continue to be exempt are the net proceeds that

2

Debtor used to purchase the condo; the additional funds she used to purchase the condo are not exempt.

Applying the <u>Millsap</u> decision in this context provides a practical interpretation consistent with the intent of the statute. Debtor has acknowledged that she spent more than $10,000 of funds that were not realized from the sale of the Asbury home when she purchased the condo. Allowing Debtor an exemption based on the sale price, rather than on the amount she actually realized from the sale of her homestead, would allow conversion of non-exempt cash into exempt property which is inconsistent with the purpose of the homestead exemption.

**WHEREFORE,** Trustee's Objection to Exemption is GRANTED.

**FURTHER,** the Court finds that the Debtor's homestead is exempt to the extent of $111,830.15. The $11,019.85 of additional funds that Debtor used to purchase her condo are not exempt.

Dated and Entered: January 17, 2007

Paul J. Kilburg
Bankruptcy Judge